UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BUCKELEW PROGRAMS,<br><br>    Plaintiff,<br><br>    v.<br><br>LAWRENCE VAN ZANDT,<br><br>    Defendant. | Case No. 25-cv-01745-WHO<br><br>**ORDER REMANDING CASE**<br><br>Re: Dkt. Nos. 3, 19 |

Pro se defendant Lawrence Van Zandt removed this unlawful detainer case brought against him by plaintiff Buckelew Programs (hereafter, "Buckelew") from Marin County Superior Court, arguing that this court has original jurisdiction because the case involves federal questions. *See* Dkt. No. 1 (Notice of Removal); *see also Buckelew Programs v. Van Zandt*, Case. No. CV0005189, Marin County Superior Court. In his Notice of Removal, Van Zandt argued that because the claims in the unlawful detainer case were "inextricably intertwined with and connected to" the United States Department of Housing and Urban Development ("HUD"), this court had federal question jurisdiction. *See* Dkt. No. 1 at pp. 2-3. Buckelew now moves to remand the action back to state court. Dkt. No. 3. Van Zandt reasserts in his response that this court has federal question jurisdiction because the facts of the complaint involve HUD, and to assert several claims and defenses which themselves involve federal law. Dkt. Nos. 15, 16.

Having considered the papers submitted, I find this matter suitable for disposition without oral argument and VACATE the hearing set for May 8, 2025.[1] Because a defense based on

---

[1] On May 2, 2025, Van Zandt filed a notice with the court that he would "not appear at any proceedings which have not been properly noticed and properly scheduled." Dkt. No. 19. In it, he took issue with Buckelew's failure to properly renotice its motion to remand as was ordered by the Order Reassigning Case issued on March 31, 2025. As I am vacating the hearing on this matter, I

federal law does not give rise to federal jurisdiction, and because Buckelew's action is based entirely on the California unlawful detainer statutes, Buckelew's motion to remand is GRANTED.

**DISCUSSION**

This court does not have subject matter jurisdiction over a state court unlawful detainer action. "[F]ederal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987). Conversely, "it is now settled law that a case may not be removed to federal court on the basis of a federal defense." *Id.* California federal courts have repeatedly held that unlawful detainer cases brought under California's unlawful detainer statute do not raise federal questions. *See, e.g., Bank of Am., N.A. v. Arriola*, No. 12-cv-1652-JCS, 2012 WL 1996954, at *2 (N.D. Cal. June 4, 2012).

Buckelew's complaint is for unlawful detainer under California law and does not raise or present a federal question that confers subject matter jurisdiction on this court. Moreover, even though Van Zandt is trying to raise federal claims or defenses that he believes arise out of the unlawful detainer action, *see* Dkt. No. 15 at pp. 2-3, he cannot do so in this removed action. *See Caterpillar Inc.*, 482 U.S. at 393. None of the various "Federal Questions" to which Van Zandt refers in his Opposition appear on the face of Buckelew's complaint. The mere fact that Van Zandt's lease (the subject of Buckelew's lawsuit) is through the federal agency HUD's Continuum of Care Program, *see* Dkt. No. 1, Exhibit B (Lease), does not convert this state law unlawful detainer action into a federal case.[2]

---

need not address Van Zandt's notice of refusal to appear.

[2] Buckelew asks that in addition to remanding the case, I order Van Zandt to pay Buckelew attorney fees in the amount of $1,792.50, based on the Notice of Removal being "procedurally and substantively defective." Upon granting a motion for remand, a district court may order that the plaintiff be awarded its "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Whether attorney fees are appropriate is within the discretion of the trial court. *See id.* No attorney fees will issue here. While Van Zandt's Notice of Removal may have had procedural flaws, nothing suggests that it was filed in bad faith or that attorney fees are otherwise appropriate.

2

**CONCLUSION**

For the foregoing reasons, the motion to remand is GRANTED, and this case is remanded to the Marin County Superior Court.

**IT IS SO ORDERED.**

Dated: May 6, 2025



William H. Orrick
United States District Judge